EASTERN DIST.
*May,* 1857.

MABIRE
*vs.*
CANAL BANK.
delay, when the appellant has taken an appeal to the wrong court, if by this act he hastens the time when the plaintiff may resort to his execution.

---

## MABIRE *vs.* CANAL BANK.

APPEAL FROM THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT.

Corporations are responsible for every injurious act from which they are not exempted by law; and when incorporated for a particular object, without specifying their powers, and mode of obtaining the property of individuals, they are bound to proceed according to the existing laws.

A company incorporated to make a canal through the swamp, from the city of New-Orleans to the Lake, will not be allowed to stop up the natural drains, and lay the lands adjacent thereto under water, over which they were not allowed to pass without first compensating the proprietors in damages, especially when there is no express provision in their charter authorizing it.

This is an action for damages against the New-Orleans Canal and Banking Company, occasioned by stopping up the drains and ditches on a piece of land occupied by the plaintiff, adjacent to the new canal constructed by said company.

The plaintiff alleges he is the lessee of a valuable tract of land, in the vicinity of the new canal constructed by the

EASTERN DIST. Banking Company, which, at the time of making the lease,
*May*, 1837. was very valuable for the purpose of gardening and raising
vegetables, but for the last eighteen months has been ren-
dered useless, in consequence of the canal having overflowed
it, and by the neglect of said company to make sufficient
drains and ditches to draw off the water, and also in stopping
up the drains and ditches which had been previously made
and used to carry off the water ; he alleges he has sustained
damages to the amount of five thousand dollars, for which
the defendants are liable, and for which he prays judgment.

*(margin: MABIRE vs. CANAL BANK.)*

The defendants pleaded a general denial.

Upon these pleadings and issues, the cause was tried before
a jury. Evidence was introduced to show the extent of the
injury and damage sustained by the plaintiff, and rebutting
and explanatory testimony produced by the defendants.

The defendants further relied on their charter from
legislature to shield them from liability and damages.

The principal points and questions of law arose mainly on
the instructions of the district judge to the jury, and are fully
stated in the opinion of the court.

The jury returned a verdict of two thousand five hundred
dollars in damages for the plaintiff. After an unsuccessful
attempt to obtain a new trial, from judgment rendered
confirming the verdict, the defendants appealed.

*Carter* and *Roselius*, for the plaintiff.

*Conrad*, for the defendants.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sues for damages which he alleges he has
sustained by the overflow of his land, adjacent to the new
canal, occasioned by the neglect of the defendants to make
a sufficient draining ditch parallel to their canal, and the
obstruction of the natural drains by embankments. Having
recovered a judgment founded on the verdict of a jury, the
defendants appealed.

They rely for a reversal of the judgment, principally on a bill of exceptions taken on the trial to the charge of the court to the jury, and to the refusal of the judge to charge as prayed for by their counsel.

The counsel prayed the court to charge the jury, *First,* That a corporation cannot commit a trespass, or any other offence, nor be made liable therefor ; but the party injured has only a right to resort to a personal action against the persons concerned in such trespass or offence.

This ground has been waived by the parties, and requires from us no further notice.

*Second,* That the legislature had a right to authorize the defendants to construct the canal described in their charter, and to invest them with all the powers and privileges necessary to the performance of said work, not prohibited by the constitution, laws and treaties of the United States, or by the constitution of Louisiana, and particularly that they had a right to empower them to shut any natural drains, when the same was necessary to the execution of the work, and that if any damages should be sustained by individuals in consequence of the exercise of any power thus conferred by law, the company is not responsible for such damages.

*Third,* That if the jury believe that the raising of the water in the swamp adjoining the land, was necessarily occasioned by the execution of said work, the company was not bound to drain off the water, except so far as they are expressly required to do so, but are only bound to allow a free passage of the waters of the swamp into and out of said canal.

*Fourth,* That if they believe that by the terms of the charter the defendants were not bound to make a draining ditch until after the construction of the canal, and of the road upon its margin, and the period within which the company was bound to complete said work has not yet elapsed, no damages can be recovered for their failure to complete said draining ditch, until said works are completed, or said time has elapsed.

The propriety of charging as demanded under the second head, depends upon a previous examination of the charter of

the corporation. If that act of the legislature be fairly susceptible of a construction which shows that the intention of the law givers was not to confer the extraordinary power and immunities contended for, then it would be useless to inquire whether the legislature could constitutionally confer such powers and immunities on a body corporate. The question would, in that case, become one of mere speculation. It is only when a legislative enactment is manifestly repugnant to the constitution, that the judiciary is authorized to pronounce it not to be the law of the land.

We find no difficulty in declaring, as the opinion of this court, that, if the legislature had merely given to the defendants a corporate name, and authorized them to open a canal of navigation between the city and Lake Pontchartrain, in general terms, without providing for the manner in which private property might be appropriated by them for that purpose, the corporation would be bound to proceed in obtaining the property of individuals for their use, in the manner pointed out in the Louisiana Code, article 2604, *et seq*. Such an act of incorporation would not abrogate these provisions of the code, nor authorize the corporation to carry on its operations in such a way as to cause damage to third persons. In the case of Rabassa *vs.* the Orleans Navigation Company, this court held that corporations are responsible for every injurious act from which they are not exempted by law. 5 *Louisiana Reports*, 463.

The question then occurs, has the legislature assumed to exempt the defendants from the usual responsibility imposed by law, and authorized them to obstruct the natural drains of water, so as to cause damage to the adjacent proprietors, without regard to their rights.

The act of incorporation points out the measures to be pursued by the defendants, in order to acquire the land through which the projected canal was to run, and in this respect modifies those provisions of the code above alluded to. The tenth section authorizes the corporation to enter upon, and pass over the land in the vicinity of the canal, and take away timber, wood, shells, earth and sand, on tendering such pre-

*Corporations are responsible for every injurious act from which they are not exempted by law; and when incorporated for a particular object, without specifying their powers, and mode of obtaining the property of individuals, they are bound to proceed according to the existing laws.*

vious indemnity as was fixed by appraisers, to be appointed in the manner pointed out by that section, if the parties cannot agree. The legislature has thus provided against the abuse of a right of way over the land contiguous to the line of the canal, and subjected the defendants to a strict responsibility. Nothing but the most clear and unequivocal language could induce us to suppose, that the legislature intended 'at the same time to authorize the corporation to lay those same lands under water, over which they could not pass without compensation, by shutting up the natural or artificial channels by which they were previously drained, and that without paying for the damages thus occasioned. No such language is to be found in the act. On the contrary, the fourteenth section provides, that the company shall dig a suitable draining canal on the upper side of the road along the margin of the canal. It may be true, as contended, that the company is not bound to complete the draining canal sooner than the time limited by the charter, so far as the staté is concerned, and with reference to a forfeiture of the charter ; but it does not follow, in our opinion, that the defendants have a right in the mean time to cause the inundation of the adjacent lands without any compensation to the owners.

A company incorporated to make a canal through the swamp, from the City of New-Orleans to the Lake, will not be allowed to stop up the natural drains and lay the lands adjacent thereto under water, over which they were not allowed to pass, without first compensating the proprietors in damages, especially when there is no express provision in their charter authorizing it.

The third and fourth propositions are intimately connected with the second, if not corollaries from it, and rests upon the hypothesis that the legislature had conferred upon this corporation an extraordinary exemption from legal responsibility. Being of opinion that the charter is not susceptible of such a construction, we conclude that the court did not err in declining to charge as required.

The charge given by the judge accords in substance with the opinion of this court, just expressed upon the true construction of the act of incorporation, and he added that the legislature had no constitutional right to grant such powers and immunities as the defendants contend for under their charter. Upon this point it will be time to pronounce when the legislature shall have assumed such power.

We cannot entertain the idea that the legislature will ever sanction the expropriation of, or injury to private property, without a just indemnity.

Upon the merits, the case was submitted to a jury more competent than we can be supposed to be, to estimate the damages sustained by the plaintiff, and we can perceive no good grounds for interfering with their verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.